* Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7527 | **DATE** | 6/26/2001 |
| **CASE TITLE** | Marilyn Rizzato-Reines vs. Kane County Sheriff | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. It must be concluded then that as to Rizzato-Reines, Trustees v. Garrett forecloses not only any damage remedies but also any other potential ADA-prescribed remedies against the State of Illinois. And because Rizzato-Reines' work for the Sheriff is treated as work for the state, that compels the dismissal of her Complaint and this entire action. This Court so orders.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | JUN 27 2001 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | 6/27/2001 date mailed notice |
| SN | courtroom deputy's initials | 01 JUN 27 AM 8:09 Date/time received in central Clerk's Office | SN mailing deputy initials |

Document Number: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARILYN E. RIZZATO-REINES, )
                            )
            Plaintiff,      )
                            )
     v.                     )  No. 00 C 7527
                            )
KANE COUNTY SHERIFF,        )
                            )
            Defendant.      )

DOCKETED JUN 27 2001

MEMORANDUM OPINION AND ORDER

This employment discrimination action, sought to be advanced under the Americans with Disabilities Act ("ADA") by Marilyn Rizzato-Reines ("Rizzato-Reines") against her former employer the Kane County Sheriff, poses some questions left unanswered--at least expressly--by the Supreme Court's decision this Term in <u>Board of Trustees of the Univ. of Alabama v. Garrett</u>, 531 U.S. 356, 121 S.Ct. 955 (2001).[1] <u>Trustees v. Garrett</u>, answering (as always) the only question specifically posed to the Court, held that any imposition of liability on a State for damages based on ADA-violative conduct ran afoul of the Eleventh Amendment. This memorandum opinion and order determines that the <u>Trustees v. Garrett</u> analysis also compels dismissal on Eleventh Amendment grounds of Rizzato-Reines' damages claim for Sheriff's alleged discriminatory conduct against her, as well as her money claims for damages stemming from the Sheriff's alleged retaliation and

---

[1] Because the internal pagination of that decision in the official U.S. report is not yet available, citations here will be to the S.Ct. volume's pagination.

15

for any attorneys' fees, though it is less clear what impact the Supreme Court's decision has on her added claims for reinstatement and for reasonable accommodation to her claimed disability.

To begin with, during her employment by the Sheriff Rizzato-Reines worked in the warrant division, carrying out court-related functions in the Sheriff's Office (Complaint ¶¶18-19). That activity placed her within the Sheriff's sphere of action "as an arm of the Illinois state judicial system" (Scott v. O'Grady, 975 F.2d 366, 371 (7th Cir. 1992)), rather than as part of the Sheriff's work for Cook County.

With that being the case, it becomes necessary to examine the fundamental premises underlying Trustees v. Garrett, as stated by Chief Justice Rehnquist for the Supreme Court's five-Justice majority. Although as said earlier the direct holding was limited to the confirmation of State immunity from having to pay damages--the only question posed squarely by that litigation--the analytical path traveled en route to that destination compels the extension of the identical principle to the entire situation posed here.

Trustees v. Garrett, 121 S.Ct. at 963-64 teaches that the only potential source of congressional power to extend anti-discrimination legislation to the States rests on Section 5 of the Fourteenth Amendment. And authority under Section 5 "is

2

appropriately exercised only in response to state transgressions" (id. at 964), requiring a "pattern of unconstitutional discrimination" (id. at 966).

Because the Trustees v. Garrett majority held that ADA's legislative findings lacked the required reference to such a pattern of employment discrimination on the part of States, it concluded that it would not be proper to enforce against the States "the rights and remedies created by the ADA" (id. at 966). And in that regard the Court majority expressly adverted to the statutory "reasonable accommodation" requirement (id. at 966-67):

> For example, whereas it would be entirely rational (and therefore constitutional) for a state employer to conserve scarce financial resources by hiring employees who are able to use existing facilities, the ADA requires employers to "mak[e] existing facilities used by employees readily accessible to and usable by individuals with disabilities." 42 U.S.C. §§ 12112(5)(B), 12111(9). The ADA does except employers from the "reasonable accommodatio[n]" requirement where the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." § 12112(b)(5)(A). However, even with this exception, the accommodation duty far exceeds what is constitutionally required in that it makes unlawful a range of alternate responses that would be reasonable but would fall short of imposing an "undue burden" upon the employer. The Act also makes it the employer's duty to prove that it would suffer such a burden, instead of requiring (as the Constitution does) that the complaining party negate reasonable bases for the employer's decision. See ibid.

Because Rizzato-Reines' claim that her firing was in retaliation for her exercise of ADA-created rights would also call for payment out of the State treasury, Trustees v. Garrett

3

also compels the rejection of that remedy on Eleventh Amendment grounds. And the same is of course true of her request for attorneys' fees.

All that remains potentially viable, then, is Rizzato-Reines' complaint that the Sheriff did not provide her with reasonable accommodation for her claimed carpal tunnel syndrome disability. That might arguably fit within the familiar doctrine, adverted to in <u>Trustees v. Garrett</u>, <u>id</u>. at 968 n.9 (emphasis added), that injunctive relief may still lie against a State official under <u>Ex parte Young</u>:

> Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. <u>Those standards can be enforced</u> by the United States in actions for money damages, as well as <u>by private individuals in actions for injunctive relief under Ex parte Young</u>, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

But in this instance that possibility would necessitate the issuance of a mandatory injunction that the Sheriff must rehire Rizzato-Reines and transfer her to another job.

On that score, even though a motion to dismiss a complaint calls for crediting the plaintiff's allegations, in this instance the impact of the Eleventh Amendment includes a shift to the complaining employee of the burden that ADA otherwise imposes on private employers (see the final sentence of this opinion's first

quotation from <u>Trustees v. Garrett</u>). And in that respect Rizzato-Reines faces a pair of hurdles:

    1. Reinstatement in employment discrimination cases is an equitable remedy that is not ordered when it is contraindicated by the deterioration in relationship that is the typical adjunct of an employee's firing (whether justified or not). Indeed, that is the reason that back pay is viewed as an equitable rather than legal remedy: It is a make-whole remedy that takes the place of reinstatement. So where as here there would be no basis for ordering actual reinstatement in light of what the Sheriff has said in Answer ¶12 and his Third and Fourth Affirmative Defenses,[2] and where as already said the alternative remedy of damages is foreclosed by the Eleventh Amendment, any reinstatement claim must fail as well.

    2. In any event, nothing in the Complaint "negate[s] reasonable bases for the employer's decision" (<u>Trustees v. Garrett</u>, 121 S.Ct. at 967). And that is not simply a pleading flaw, for what has been said in the preceding numbered paragraph would appear to trump any effort by Rizzato-Reines to cure the deficiency.

---

    [2] It should be emphasized that this Court is <u>not</u> crediting the Sheriff's statements there for their truth. Instead the critical factor is the existence of the Sheriff's <u>beliefs</u> that would clearly negate ordering reinstatement.

5

It must be concluded then that as to Rizzato-Reines, <u>Trustees v. Garrett</u> forecloses not only any damage remedies but also any other potential ADA-prescribed remedies against the State of Illinois. And because Rizzato-Reines' work for the Sheriff is treated as work for the State, that compels the dismissal of her Complaint and this entire action. This Court so orders.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: June 26, 2001

6